**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADIR MUTAZZ TAYLOR-MARSHALL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEW BRUNSWICK and NEW BRUNSWICK POLICE DEPARTMENT, <br><br> Defendants. | Civil Action No. 22-04773 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court upon Defendants the City of New Brunswick and the New Brunswick Police Department's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. (ECF No. 13.) Plaintiff Nadir-Mutazz Taylor-Marshall opposed (ECF No. 15), and Defendants replied (ECF No. 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED**.

## I.       BACKGROUND[1]

*Pro se* Plaintiff Nadir Mutazz Taylor-Marshall filed this action against Defendants the City of New Brunswick and the New Brunswick Police Department in July 2022. (*See* ECF No. 4.)

---

[1]       When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court typically accepts as true all well-pleaded facts in the complaint. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

Plaintiff alleges that on or about October 27, 2002, more than twenty years ago, Plaintiff was involved in a physical altercation outside of a fast-food restaurant in New Brunswick, New Jersey. (ECF No. 4 at 8.[2]) After members of the New Brunswick Police Department arrived on the scene, a contentious exchange between Plaintiff and the officers allegedly led to Plaintiff being physically and verbally abused by the officers, and Plaintiff was arrested and taken to the station, where Plaintiff was processed and then transported to the county jail. (*Id.*) Municipal court records attached to the Complaint indicate that Plaintiff was charged with aggravated assault, resisting arrest, and improper behavior. (*Id.* at 138-42.)

Plaintiff asserts a single claim of trespass. (*Id.* at 9.) Plaintiff argues that Defendants' actions of accosting, arresting, and imprisoning him physically deprived Plaintiff of his freedom and liberty. (*Id.*) Defendants move to dismiss Plaintiff's action. (ECF No. 13.)

## II.   LEGAL STANDARD

### A.   Failure to State a Claim – Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir.

---

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citations omitted).  "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.   Pleading Requirements – Rule 8**

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d).  The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Even *pro se* litigants must "comply with

the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

## III.    **DISCUSSION**

Defendants assert two bases for dismissing Plaintiff's Complaint: *first*, Plaintiff's "threadbare, conclusory allegations" are insufficient to state a claim upon which relief can be granted, and *second*, Plaintiff's claim for trespass is time-barred because the statute of limitations for trespass is six years. (ECF No. 13-1 at 5-7.)  Plaintiff did not meaningfully oppose Defendants' arguments; instead, he reiterated the assertions in the Complaint.  (ECF No. 15 at 5.)

### A.    **Trespass Claim**

Plaintiff styles the only count of his Complaint as "claim of trespass [tort] against wrongdoer city of New Brunswick Police Department," omitting reference to the specific statute under which he asserts his claim.  (ECF No. 4 at 9 (capitalizations omitted).)  As this action's subject matter jurisdiction is based on diversity of citizenship,[3] the Court construes the Complaint as asserting a claim under New Jersey's trespass law.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 73 (1938) ("[F]ederal courts exercising jurisdiction in diversity of citizenship cases would apply as their rules of decision the law of the state, unwritten as well as written."); *see also Beasley v. Howard*, 623 F. Supp. 3d 434, 439-40 (D.N.J. 2022) (construing *pro se* plaintiff's complaint "as

---

[3]    According to the Complaint's Civil Cover Sheet, Plaintiff pled federal jurisdiction based on 28 U.S.C. § 1332(a)(1), which provides the Court with subject matter jurisdiction over civil actions between parties who are citizens of different states and where the matter in controversy exceeds $75,000. (ECF No. 4 at 1.)  Plaintiff alleges that he is a citizen of Florida and Defendants are citizens of New Jersey, thus satisfying the requirement of complete diversity. (*Id.*)  In addition, Plaintiff seeks $10,000,000.00 in punitive damages and legal expenses. (*Id.*)  Defendants do not challenge the legal validity of Plaintiff's damages claim for purposes of establishing diversity jurisdiction.  Thus, the Court need not address whether it appears to a "legal certainty" that Plaintiff's claim is made in good faith or for less than the jurisdictional amount. *See Schober v. Schober*, 761 F. App'x 127, 129 (3d Cir. 2019) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999)).

trying to state a claim under" Lanham Act provision where plaintiff wrote "Lanham Act" and language that mirrored statute's title).   Under New Jersey law, the statute of limitations for a trespass claim is six years:

> Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in [sections 2A:14-2 and 2A:14-3], or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within six years next after the cause of any such action shall have accrued.

> [N.J. Stat. Ann. § 2A:14-1.]

Because the conduct forming the basis for Plaintiff's Complaint occurred in October 2002 (*see* ECF No. 4 at 8-9), the statute of limitations for Plaintiff's trespass claim expired in or around October 2008.  Plaintiff has not explained why his trespass claim is not time-barred through tolling or other equitable means, which, in any event, require a showing of "extraordinary circumstance." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (collecting cases).   Accordingly, the Court must dismiss Plaintiff's trespass claim as time-barred.

## B.    Constitutional Claims

Plaintiff's Complaint also references in passing, and at scattered points, various sections of Articles I, IV, and VI of the New Jersey Constitution[4] as well as various sections of the United States Constitution, though Plaintiff does not indicate an intent to assert claims under these sections. (ECF No. 4 at 8-9.)  Instead, Plaintiff appears to be citing these constitutional provisions in support of his trespass claim. (*See id.* at 7 ("In a claim of trespass, . . . by [my] way of right

---

[4]    These sections include N.J. Const. art. I, ¶¶ 1, 3, 6, 7, 19; art. IV, § VII, ¶ 3; art. VI, § I, ¶ 1; and art. VI, § V, ¶ 2.  (ECF No. 4 at 8-9.)

secured and protected . . . by The Constitution . . . .").)  Although the Court is cognizant of and committed to its duty to construe *pro se* pleadings liberally, it does not find that the mere mention of constitutional provisions without a tie to the facts alleged in the Complaint or an indication that a claim is or can be asserted under those provisions constitutes "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Indeed, absent a reasonable indication of Plaintiff's intent to present causes of action under these constitutional provisions (if any private right to do so exists at all), the Court will refrain from rewriting the pleadings to do so when the only claim Plaintiff actually appears to assert is one of trespass.  *See Freeman v. Allentown Sch. Dist.*, Civ. No. 19-4336, 2019 WL 4805224, at *2 (E.D. Pa. Oct. 1, 2019) ("The Court should not attempt to rewrite the pleadings to include claims that were never presented . . . ."); *see also United States v. Peppers*, 482 F. App'x 702, 704 (3d Cir. 2012) ("While a court must construe a pro se litigant's pleadings liberally, it need not act as his advocate." (citations omitted)).

IV.   **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**.  Plaintiff's Complaint (ECF No. 4) is **DISMISSED** without prejudice.  Plaintiff shall have thirty (30) days in which to file an amended complaint to the extent Plaintiff can cure the deficiencies set forth above.  An appropriate Order follows.

Dated: July 31, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE